[Crim. No. 42171. Second Dist., Div. Four. Dec. 9, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT J. REYNOLDS, Defendant and Appellant.

---

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Ernest Martinez, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Ruth M. Saavedra, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendant was charged with, and after a trial by the court (trial by jury having been duly waived) was found guilty of possession of marijuana for sale, in violation of section 11359 of the Health and Safety Code. He has appealed; we reverse the conviction with directions.

Acting on a tip that a man named Billy Connors was selling marijuana from a certain address, the police sent a known confidential informant to that address. The informant succeeded in buying marijuana from "Billy." He told the police that another man, described as "a male Negro [*sic*] with black hair, five-feet-three to six inches tall, weighing 135 to 145 pounds, 17 to 21 years old," had been present and had participated in the transaction. Acting on that information, the police secured a warrant for the search of the premises of Billy Connors and of the other person. Arriving at the premises, they found the door open but a screen door locked. The officers saw a man (later identified as Gregory Dawson) and defendant seated in the room. When the officers announced their errand, defendant, holding a large, clear, plastic bag, hurriedly left the room. Dawson admitted the officers. Search of the person disclosed two small baggies of marijuana on Dawson and three small baggies of marijuana in defendant's pocket. Search of the premises resulted in finding the large plastic bag hidden in the kitchen.

Defendant testified that he was a cousin of Billy Connors, and had gone to Connors' residence to buy marijuana. Connors was not there but Dawson was. He testified that Dawson had given him the large plastic bag, telling him to select the three baggies he wanted; that defendant had done so and was simply holding the plastic bag to return it to Dawson when the police arrived.

Three times, defendant moved to be given the identity of the informant on whose "buy" the warrant had been issued. The motions were denied. That denial is the sole issue raised on this appeal. We conclude that the motion should have been granted.

The People do not contend that the three baggies found on defendant's person were a large enough quantity to support a conviction of possession for sale; it is not contested that the marijuana found in the large plastic bag was sufficient for that purpose. The factual issue for the trial court was whether his possession of that larger bag was possession for sale.

I

█ It is well settled that a motion to disclose identity should be granted if there appears any reasonable possibility that the informant could give testimony

favorable to defendant. We conclude that that is the situation here before us. Defendant's story was not incredible. The People's theory was that he was the second man who had assisted Connors at the controlled buy transaction. The informant might, of course, have verified that theory. However, he might also have testified that defendant was not that man and might also have confirmed that Connors and Dawson had used the same method of giving a buyer the large bag and letting him/her select the ones desired.

II

██ We turn to the proper disposition of this case. Defendant urges that we reverse with directions to dismiss. However, in *In re Tracy J.* (1979) 94 Cal.App.3d 472 [156 Cal.Rptr. 512], this court held (distinguishing *People* v. *Viramontes* (1978) 85 Cal.App.3d 585 [149 Cal.Rptr. 607], on which defendant here relies) that where, as in the instant case, the People have prevailed in the trial court, they should be given the opportunity, on remand, to seek the *in camera* hearing provided for in section 1042 of the Evidence Code.[1] We follow that decision.

If such a hearing is held and it there appears that the informant could not give testimony assisting defendant, the present judgment should be reinstated. If the hearing results in an order to disclose the identity and the People still refuse to provide that information, a further issue is involved. Ordinarily, such a refusal results in dismissal of the case. However, here, defendant's own testimony shows that he was at least guilty of simple possession. Therefore, the sanction should be a judgment of guilt of possession of marijuana in violation of section 11357 of the Health and Safety Code.

The judgment (order granting probation) is reversed; the case is remanded for further proceedings in conformity with this opinion.

McClosky, J., and Nelson, J.,* concurred.

---

[1] In *Tracy J.* we said (94 Cal.App.3d at pp. 478-479): "In so holding, we see no problem of 'gambling' by the People. Where, as in *Viramontes,* the People have lost on one of the two issues going to disclosure, it is only proper to require them to litigate the second promptly or to be held to have waived (or perhaps conceded their inability to prevail on) the second. But where the People win, in the trial court, on one of the two issues, there is no reason for them to seek to gild the lily by securing another and cumulative victory on the second issue."

*Assigned by the Chairperson of the Judicial Council.